```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
KENDELL SEAFOOD IMPORTS, INC.,     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 24-406 WES
                                   )
MARK FOODS, LLC,                   )
                                   )
        Defendant.                 )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

To commence a civil action in federal court, a plaintiff must file a complaint containing "a short and plain statement of the claim showing" an entitlement to relief. Fed. R. Civ. P. 8(a)(2). Here, Plaintiff Kendell Seafood Imports, Inc. ("Kendell") sues Defendant Mark Foods, LLC ("Mark Foods"), alleging a single claim of tortious interference with contractual relations. 1st Am. Verified Compl. ("Compl.") ¶¶ 29-35, ECF No. 13. But Mark Foods contends that Kendell's Complaint fails to meet the baseline requirement of Rule 8(a)(2), and thus moves the Court to dismiss this case. Mark Foods' Mot. Dismiss Compl. ("Mot. Dismiss"), ECF No. 10. Because Kendell's Complaint fails to allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Court GRANTS Mark Foods' Motion to Dismiss.

## I. BACKGROUND

Kendell's Complaint is brief. It alleges that Kendell imports large volumes of seafood from abroad, and from 2012 to 2020 purchased the entire annual catch made by Chilean Sea Bass, Inc. ("CSB"). Compl. ¶¶ 8-9, 15. The Complaint further states that Kendell made an agreement with CSB to purchase CSB's entire 2021 catch, subject to the condition that Kendell's "outstanding balance due from the 2020 catch" would be incorporated "into the price for the 2021 catch" (the "Agreement"). Id. ¶ 21. The Complaint says the Agreement was "continual, valid, binding, and enforceable." Id. ¶ 22.

According to the Complaint, "[a]t all times material, Mark Foods was fully aware of the Agreement." Id. ¶ 25. All the same, the Complaint alleges that "Mark Foods intentionally and improperly interfered with the Agreement." Id. ¶ 27. And "as a result of Mark Foods' intentional interference with the Agreement, Kendell has been damaged." Id. ¶ 28.

## II. DISCUSSION

Kendell's Complaint charges Mark Foods with one count of tortious interference with contractual relations. Id. ¶¶ 29-35. To prevail on its claim, Kendell "must show (1) the existence of a contract; (2) [Mark Foods'] knowledge of the contract; (3) [Mark Foods'] intentional interference; and (4) damages resulting therefrom." Tidewater Realty, LLC v. State, 942 A.2d 986, 993

(R.I. 2008) (quoting Smith Dev. Corp. v. Bilow Enters., Inc., 308 A.2d 477, 482 (R.I. 1973)).  "[T]he mere existence of intentional interference is not enough; there must be improper interference." Id. (quoting Avilla v. Newport Grand Jai Alai, LLC, 935 A.2d 91, 98 (R.I. 2007)).

Mark Foods, in response, moves the Court to dismiss Kendell's Complaint for failure to contain "a short and plain statement of the claim showing that" Kendell is "entitled to relief."  Mot. Dismiss 1; see Fed. R. Civ. P. 8(a), 12(b)(6).  The Court may not do so unless the Complaint fails to "state a facially plausible legal claim."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

The Court uses a "two-pronged approach" to decide whether Kendell's Complaint states a facially plausible legal claim.  Id. It starts by "identifying and disregarding statements in the complaint that merely offer legal conclusions couched as . . . fact or threadbare recitals of the elements of a cause of action." Id. (cleaned up) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Court concludes by determining whether the remaining factual content, taken as true, allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Iqbal, 556 U.S. at 678).

In assessing a claim's facial plausibility, the Court does not evaluate the plaintiff's likelihood of success on the merits.

3

Id. (citing Twombly, 550 U.S. at 556).  Rather, the Court "focuses on the reasonableness of the inference of liability that the plaintiff" asks it "to draw from the facts alleged."  Id. at 13.

Applying this framework to Kendell's Complaint, the Court concludes that Kendell's sole claim lacks facial plausibility.  It arguably fails to allege factual matter necessary to support element one of a tortious interference claim (that a contract existed).  But the Court does not address that disputed point, because the Complaint falls far short of alleging factual matter adequate to support the remaining elements of its sole claim (knowledge, intentional interference, and damages).

To reach this conclusion, the Court first subtracts the allegations in the Complaint, relevant to those three elements, that are simply legal conclusions.  See Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).  They are these:

- "At all times material, Mark Foods was fully aware of the Agreement, ongoing contractual relationship between Kendell and CSB and Kendell's legitimate business expectancy with CSB."  Compl. ¶ 25.
- "Mark Foods intentionally and improperly interfered with the Agreement."  Id. ¶ 27.
- "Mark Foods['] intentional and improper interference with the Agreement was done knowingly and with the intent to interfere with the ongoing contractual relationship

4

- between Kendell and CSB." Id. ¶ 27.

- "As a result of Mark Foods' intentional interference with the Agreement, Kendell has been damaged." Id. ¶ 28.

"These bare assertions . . . amount to nothing more than 'a formulaic recitation of the elements' of a" claim for tortious interference with contractual relations. See Iqbal, 556 U.S. at 681 (quoting Twombly, 550 U.S. at 555); Tidewater Realty, 942 A.2d at 993. Thus, they are "not entitled to be assumed true." Iqbal, 556 U.S. at 681 (citing Twombly, 550 U.S. at 555).

Next, the Court considers whether the Complaint's remaining alleged facts, accepted as true, plausibly allege elements two, three, and four of a claim for tortious interference with contractual relations. The Complaint alleges only one relevant fact as to those elements: that from 2012 to 2020, Mark Foods tried to procure CSB's annual catch by sending CSB's authorized agent "proposed purchase prices and requests to purchase." Compl. ¶¶ 23-24. Even taking this as true, it does not plausibly support the knowledge, intentional interference, or damages elements needed to prove liability for tortious interference with the 2021 Agreement at issue. As such, Kendell's Complaint provides no basis to "allow the [C]ourt to draw the reasonable inference that [Mark Foods] is liable for the misconduct alleged." See Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Kendell's arguments to the contrary are not persuasive. At

5

bottom, Kendell argues that "at this stage of the litigation, Kendell is not required to extensively plead" facts in support of the elements of its claim. See Obj. Mot. Dismiss 7, ECF No. 14. While the pleading standard Kendell seeks to rely upon may once have governed, it has long since been replaced. See Conley v. Gibson, 355 U.S. 41 (1957), overruled by Twombly, 550 U.S. 544; Iqbal, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)).

In sum, Kendell's alleged facts do not push Kendell's sole claim "across the line from conceivable to plausible." Ocasio-Hernández, 640 F.3d at 19 (quoting Iqbal, 556 U.S. at 680). As a result, the Complaint must be dismissed.

### III. CONCLUSION

For these reasons, the Court GRANTS Mark Foods' Motion to Dismiss, ECF No. 10.

IT IS SO ORDERED.

*/s/ WESmith*

William E. Smith
Senior District Judge
Date: April 16, 2025

6